■ In the Matter of CLYDE COLLINS, JR., Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered September 7, 1979 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to conduct a new parole release hearing. Judgment affirmed, without costs. No opinion. Greenblott, J. P., Kane, Staley, Jr., and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. In my view there should be a reversal and a new hearing ordered. Although Special Term found as a matter of fact that the Parole Board was misinformed about petitioner's prior criminal history and that it considered rule infractions it should not have, it held that the Parole Board acted in accordance with law and dismissed the petition. This was error. Further, the Parole Board failed to

provide "a verbatim record of each interview, parole release hearing * * * and appeal" involved in this matter, as required by subdivision 6 of section 259-i of the Executive Law, resulting in an inadequate record for proper judicial review of the parole release determination. The factual mistake as to petitioner's prior criminal history was material in that it may have at least affected the Parole Board's determination of the earliest date a new parole hearing should be scheduled.* Petitioner was given a point rating of nine instead of eight in the evaluation of his past criminal history and crime severity score for parole release guideline purposes. This occurred because he was assessed a point for having committed three or more misdemeanors when in fact he should have received no points under that category. Although this mistake did not change petitioner's classification within the guidelines, it cannot be said that the Parole Board's decision was not affected by it. To so conclude would be to usurp the discretion vested in the administrative agency which the judiciary may not do. Likewise, the Parole Board's determination was tainted by its apparent consideration of three infractions of prison rules which Special Term found were improperly before it. The rule infractions occurred prior to petitioner's being furnished a copy of the prison regulations as required by subdivision 5 of section 138 of the Correction Law. These infractions were: (1) possessing homemade liquor; (2) stealing; and (3) repairing a set of headphones. Subdivision 6 of section 259-i of the Executive Law provides as follows: "Record of proceedings. The board shall provide for the making of a verbatim record for each interview, parole release hearing, preliminary hearing, revocation hearing and appeal." There is nothing in the record to indicate that a "verbatim record" of either the interview or parole release hearing or of the administrative appeal, apparently sought by petitioner, was ever made. Petitioner obviously was denied material rights granted him by statute by this failure and a reversal is proper (Executive Law, § 259-i, subd 5). There should be a reversal of the order of Special Term and the matter remanded for a new parole release hearing. An adequate record of the proceedings should be made in accordance with the provisions of subdivision 6 of section 259-i of the Executive Law. On remand the Parole Board should not consider infractions committed by petitioner prior to September 7, 1976 and petitioner's record should be corrected to indicate less than three prior misdemeanors.

---

* In this connection it should be noted that petitioner had been credited with approximately 37 months' jail time at the time of the parole release hearing. The board set the next parole release hearing date for 24 months. This totals a minimum of 61 months' confinement before release while the guidelines would recommend a 40- to 50-month total period of imprisonment. This demonstrates the materiality of improper information considered by the board. Also see 9 NYCRR 8001.3 (c) requiring the reason for such a postponement delay to be detailed in writing.